IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Geoffrey R. Roach, | ) | C/A No. 5:24-cv-1754-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 16, 17. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

**I. BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision denying his claim for Disability Insurance Benefits ("DIB"). ECF No. 1 at 1. Plaintiff applied for DIB on November 10, 2020, alleging disability beginning on March 16, 2020. (R. 248–59). Plaintiff's application was denied initially and upon reconsideration. (R. 79–80). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 20, 2023. (R. 182–83). The ALJ denied Plaintiff's application on April 7, 2023. (R. 14–30). The Appeals Council denied Plaintiff's

request for review on February 26, 2024, making the ALJ's decision the final decision of the Commissioner.  (R. 1–5).

Plaintiff filed suit in this Court on April 9, 2024.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On April 11, 2025, Magistrate Judge Kaymani D. West issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 16.  On April 22, 2025, Plaintiff filed Objections to the Report.  ECF No. 17.  The Commissioner filed a Reply on April 28, 2025.  ECF No. 18.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the

Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III. DISCUSSION

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. *See* ECF No. 17. Plaintiff objects to the Report because (1) the Magistrate Judge's determination that there was no requirement for the ALJ to discuss Plaintiff's mental limitations at step four of her disability determination was error and (2) the Magistrate Judge's findings that the ALJ properly evaluated Plaintiff's subjective complaints of pain was error. ECF No. 17 at 1–8. The Commissioner contends that Plaintiff's objections are the same issues he raised in his initial and reply brief, which the Commissioner contends the Magistrate Judge has already adequately addressed after careful consideration of Plaintiff's arguments in the context of the ALJ's decision and the entire record. *See* ECF No. 18. Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's assessment.

**A. ALJ's Discussion of Plaintiff's Mental Limitations**

First, the Court finds the Magistrate Judge properly considered whether the ALJ sufficiently addressed Plaintiff's mild mental limitations in her residual function capacity ("RFC") analysis. The applicable Social Security Administration regulations set out the five-step process that ALJs must use in making disability determinations in significant detail. The Fourth Circuit summarized this process in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015):

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Id.* at 634. Plaintiff takes issue with the ALJ's analysis at step four and contends that the Magistrate Judge improperly determined that his mental impairments were sufficiently considered under step four. ECF No. 17 at 1. Specifically, Plaintiff contends the ALJ's determination that his mental impairments were non-severe at step two of the disability determination process does not explain how those impairments impacted the ALJ's overall RFC determination and her ultimate conclusion at step four. *Id.*

At step four, the ALJ determines the claimant's RFC, which is his ability to do physical and mental work activities on a sustained basis. *Britt v. Saul*, 860 F. App'x 256, 258 (4th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)(iv), (e); 20 C.F.R. § 416.920(a)(iv), (e); 20 C.F.R. § 404.1545(a)(1)). The RFC analysis "must account for all of the claimant's impairments, including those that are not severe or fail to meet a listed impairment." *Id.*

4

(citing 20 C.F.R. §§ 404.1520(e), 416.920(e), 404.1545(a)(2), 416.945(a)(2); SSR 96-8P, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)).

At issue here is the extent to which the ALJ "must account" for non-severe impairments in her RFC analysis. As explained by the Magistrate Judge, this issue has arisen in other cases in this Circuit. ECF No. 14–15. In rejecting Plaintiff's argument that the ALJ should have provided more detail in her discussion of Plaintiff's mental functioning in her RFC analysis, the Magistrate Judge explained that the Fourth Circuit does not require the ALJ to specifically address Plaintiff's mental impairments that are deemed to be non-severe, rather the ALJ is only required to consider them. ECF No. 16 at 15–17. Quoting the Fourth Circuit in *Britt*, the Magistrate Judge explained that "even if specifically addressing these impairments [in the RFC analysis] was required, our review is not frustrated by this omission as these impairments were addressed under step two and deemed to be non-severe." *Id.* at 15 (quoting 860 F. App'x at 262). In *Britt*, the Fourth Circuit explained that the ALJ's assessment of the claimant's RFC "did not frustrate meaningful review" and remand was not necessary because "while the [ALJ] did not specifically address [the claimant's] chronic pain, reflux, and hypothyroidism in the [RFC] analysis," the ALJ did consider these non-severe impairments in the RFC analysis. 860 F. App'x at 262. The Fourth Circuit explained, the "ALJ's discussion in step-two that these limitations had a minimal impact on vocation and were being managed tells us what impact these limitations had in the RFC analysis." *Id.* Likewise, here, the ALJ considered Plaintiff's mental impairments and found them to be non-severe in step two of the disability determination process and then provided again that she "considered all of the claimant's

medically determinable impairments, including those that are not severe, when assessing the claimant's [RFC]." ECF No. 16 at 15 (citing R. 20).  The Magistrate Judge explained how the ALJ's findings on Plaintiff's mental impairments as non-severe were supported by citations to substantial evidence and that this conclusion in conjunction with the ALJ's discussion concerning Plaintiff's own statements and reports of daily living supported the ALJ's decision not to include mental restrictions in the RFC assessment.  *Id.* at 16–17.  Accordingly, the Magistrate Judge correctly determined the ALJ had done all that was required at step four.

Plaintiff further contends that "a reasonable mind may conclude" his mild limitations "in concentration, persistence, and pace . . . would render an individual off-task to an intolerable degree."  ECF No. 17 at 3.  Because a reasonable mind could come to a different conclusion about the "tolerability" of Plaintiff's mild limitations, Plaintiff contends he has demonstrated "harm" based on the ALJ's failure to provide more detailed explanations of how Plaintiff's non-severe mental impairments factored into the RFC analysis.  *Id.*  Thus, according to Plaintiff, it was error for the Magistrate Judge to conclude that the ALJ properly considered Plaintiff's non-severe mental impairments when she failed to discuss or explain the legal findings made at step two when determining the RFC at step four.  *Id.*  However, as the Magistrate Judge explained, in determining whether Plaintiff's mental limitations were non-severe, the ALJ did not ignore the evidence or improperly assess Plaintiff's impairments as non-severe under step two.  ECF 16 at 12–16.  The Magistrate Judge highlighted the ALJ's consideration of Plaintiff's mental health treatment intake records, PTSD diagnosis and treatment, treatment records, lack of

6

evidence of ongoing mental health treatment since 2021, report from a consultative psychiatric evaluation showing only mild deficits in attention and concentration, self-reported denial of cognitive deficits or difficulty interacting with others, and 2022 consultative psychiatric evaluation indicating Plaintiff had only a mildly impaired memory. *Id.* at 12–13.  Accordingly, the Magistrate Judge found, based on Plaintiff's own statements, reports of daily living, and findings from consultative examinations, that the ALJ's conclusion that Plaintiff's limitations were non-severe was supported by substantial evidence. *Id.* at 12–17.

Plaintiff's disagreements with the Magistrate Judge's assessment based on what another "reasonable mind may conclude" about his limitations essentially asks the Court to reweigh the evidence and substitute its judgment for the ALJ, which is not within its role.  *See Vitek*, 438 F.2d at 1157–58.  The Court reviews only whether the Commissioner's decision was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  For the reasons outlined above, the Court determines that Magistrate Judge properly found there was substantial evidence to support that Plaintiff's mental impairments were non-severe and that the ALJ's consideration of this non-severe impairment was sufficient.

**B.  Evaluation of Plaintiff's Subjective Complaints**

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly considered Plaintiff's subjective complaints of pain.  Plaintiff argues that the Magistrate Judge improperly applied the credibility standard instead of the current standard in

7

evaluating the ALJ's decision and failed to correctly consider whether the ALJ properly accounted for Plaintiff's subjective complaints of pain in crafting the RFC determination. ECF No. 17 at 4–7. Plaintiff contends the "ALJ failed to specifically point to evidence that would undermine Plaintiff's subjective complaints of pain" or "why Plaintiff's subjective complaints of pain were not supported by the record." *Id.* at 4–5. Further, Plaintiff contends the Magistrate Judge failed to follow Fourth Circuit precedent regarding the ALJ's characterization of Plaintiff's daily activities and made no determination whether the ALJ properly discussed the extent to which Plaintiff performed his daily activities. *Id.* at 6.

In *Arakas v. Comm'r, Soc. Sec. Admin.*, the Fourth Circuit set out the standard for evaluating a claimant's symptoms, which involves the two-step framework—with an objective and subjective prong. 983 F.3d 83, 95 (4th Cir. 2020) (citing 20 C.F.R. § 404.1529; SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016)). First, for the objective prong, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms. *Id.* (citing 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3). Second, as to the subjective prong, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. *Id.* (citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4). At the second step, objective evidence is *not* required to find the claimant disabled as "[s]ymptoms cannot always be measured objectively through clinical or laboratory

8

diagnostic techniques." *Id.* (citing SSR 16-3p, 2016 WL 1119029, at *4) (emphasis original). "Thus, the ALJ *must consider the entire case record* and may 'not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate' them." *Id.* (quoting 2016 WL 1119029, at *5).

Here, the Magistrate Judge correctly found that the ALJ had properly considered Plaintiff's statements concerning his subjective pain in his analysis of whether Plaintiff was disabled. The Magistrate Judge discussed how the ALJ, throughout her decision, considered Plaintiff's subjective reports of pain, but also highlighted the ALJ's consideration of Plaintiff's other subjective statements, which contradicted Plaintiff's reports of pain, including Plaintiff's self-reported performance of daily activities such as personal care activities taking out the garbage, washing dishes, driving, sanding the deck of his home, cooking, cleaning, laundry, shopping, and traveling to his vacation home. ECF No. 16 at 19–20. Further, and significantly, the ALJ highlighted that Plaintiff reported his last job ended because of the COVID-19 pandemic, not because of his medical impairments. *Id.* at 20. The Magistrate Judge's discussion of the ALJ's analysis of contradictory subjective evidence occurs simultaneously with her discussion of the objective evidence presented. *Id.* However, the Magistrate Judge did not disregard Plaintiff's "statements about the intensity, persistence, and limiting effects of symptoms *solely* because the objective medical evidence does not substantiate." *Arakas*, 983 F.3d at 95. Rather, the Magistrate Judge considered the ALJ's analysis of the *entire record* including conflicting subjective reports by Plaintiff. ECF No. 16 at 19–20. While the

9

Magistrate Judge's analysis is not formulaic in its analysis of the objective and subjective factors it must consider, the Court finds the Magistrate Judge's analysis is adequate under controlling Fourth Circuit precedent.  The Magistrate Judge found that the ALJ had considered both the objective and subjective evidence, and found *after considering the entire case record*, including Plaintiff's reported daily activities and work history, that Plaintiff was not disabled.  *Id.* at 18–21.  The Magistrate Judge properly found that the ALJ did not disregard the subjective evidence *solely* because of a lack of objective evidence but rather because the subjective evidence was inconsistent with the entire case record.

Plaintiff also argues the characterizations of his examinations as "normal" is "prohibited by *Arakas*."  ECF No. 17 at 45.  The Court finds Plaintiff's arguments unpersuasive as they misstate the Fourth Circuit's reasoning and, moreover, *Arakas* is factually distinct from this case.  In *Arakas*, the claimant suffered from fibromyalgia, which the Fourth Circuit described as "a disease whose 'symptoms are entirely subjective,' with the exception of trigger-point evidence."  983 F.3d at 96.  Since the claimant's results from the objective medical evidence were "normal," the district court discredited the claimant's statements concerning the severity, persistence, and limiting effects of her symptoms as inconsistent with this evidence.  *Id.*  Because fibromyalgia does not produce clinical and laboratory abnormalities, the Fourth Circuit explained the ALJ had committed legal error by effectively requiring the claimant's subjective descriptions of her symptoms to be supported by objective medical evidence since her results were "normal."  *Id.*  The Fourth Circuit in *Arakas* did not broadly prohibit courts from characterizing a claimant's

10

examinations as "normal," but rather explained that in the context of that case characterizing the results as "normal" *and* then using these "normal" results as the *sole* basis to disregard subjective complaints of pain was error. *Id.*

That is not what occurred in this case. Neither the Magistrate Judge nor the ALJ in this action rejected Plaintiff's subjective complaints of pain *solely* based on the characterization of his objective medical evidence as "normal." *See* ECF No. 16. As explained above, the Magistrate Judge considered the ALJ's full analysis of all of the evidence, including contradicting subjective evidence, and found there was substantial evidence to support the ALJ's determination that Plaintiff was not disabled. Because substantial evidence supports the ALJ's determination, Plaintiff's Objection is overruled. *See Parker v. Astrue*, 664 F.Supp.2d 544, 552 (D.S.C. Mar. 27, 2009) ("In assessing whether there is substantial evidence, the reviewing court should not 'undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of' the agency." (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original))).

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 8, 2025
Spartanburg, South Carolina

11